IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Beverly Ann Buncumb, | ) | C/A No. 0:20-cv-2073-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI")

   Application date: <u>November 10, 2016</u>    Plaintiff's age at filing: <u>53</u>

☒    Disability Insurance Benefits ("DIB")

   Date last insured: <u>December 31, 2020</u>

☐    Other:

Plaintiff's Year of Birth: <u>1963</u>

Plaintiff's alleged onset date: <u>November 3, 2016</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  April 23, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
                ☐ Yes  ☒ No

Step 2:         ☒  Plaintiff has the following severe impairments:
                coronary artery disease.

                ☐  Plaintiff does not have a severe impairment.

Step 3:         ☒  Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:         Plaintiff's Residual Functional Capacity is as follows:

                [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is further limited to performing postural activities frequently and avoiding exposure to excessive heat, wetness, and humidity.

                ☒  Plaintiff could return to his/her past relevant work as a home health aide as it is generally performed.

Step 5:         ☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

                ☐  Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

Date of Appeals Council decision:  April 17, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589;

see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

    I.    It was error for the ALJ to promulgate an incomplete "residual functional capacity" (RFC) that improperly failed to accommodate all of claimant's physical and mental limitations supported by the evidence.

    II.    Buncumb was prejudiced by the ALJ's *ex parte* grant of her former representative's motion to withdraw and a new hearing should be ordered when Buncumb may have the representation by counsel[.]

    III.    The ALJ failed to properly consider Buncumb's subjective testimony[.]

(See generally Pl.'s Br., ECF No. 23.)

**Oral Argument:**

    ☒ **Held on April 14, 2021.**

    ☐ **Not necessary for disposition.**

**Summary of Reasons**

Having reviewed the briefs, the record, and the parties' oral arguments, the court is constrained to remand this matter for further consideration and explanation of Plaintiff's residual functional capacity.  A claimant's residual functional capacity is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting his conclusions with respect to a claimant's residual functional capacity.  Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632,

636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

Plaintiff argues that the ALJ's finding that Plaintiff could sustain work at the medium exertional level is unsupported by the record. Medium work entails lifting up to fifty pounds at a time, frequently lifting or carrying up to twenty-five pounds, and standing or walking for six hours in an eight-hour workday.[1] Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (citing SSR 83-10, 1983 WL 31251, at *6); see also 20 C.F.R. §§ 404.1567(c), 416.967(c). Here, the ALJ extensively summarized Plaintiff's treatment records with one material exception: the findings from Plaintiff's January 29, 2019 exercise stress test. Specifically, this record indicated that Plaintiff's current symptoms included fatigue and that after five minutes of exercise, the test was "stopped secondary to fatigue and leg pain." (Tr. 509.) The impression stated that "[t]his was an inconclusive exercise stress test with poor exercise tolerance." (Id.) The ALJ did not mention or discuss this record. Thus, Plaintiff argues that the ALJ's determination that Plaintiff could perform medium work is unsupported by substantial evidence, especially when combined with the opinions from state agency medical consultants in March 2017 and November 2017, finding that Plaintiff was limited to light work. (See Tr. 61-65, 75-81, see also Tr. 52-56, 89-95.) In July 2018, a state agency medical consultant affirmed the prior opined limitations to light work. (Tr. 474-75.)

---

[1] Comparatively, light work entails lifting no more than twenty pounds at a time, frequently lifting or carrying up to ten pounds, and standing or walking for six hours in an eight-hour workday. During oral argument, defense counsel stressed that, pertinent to this case, the distinction between light and medium work was a difference of five pounds of lifting with no other differences. However, a comparison of the lifting requirements for these two exertional levels shows a thirty-pound difference between the two maximum exertional levels (fifty pounds versus twenty pounds) and a fifteen-pound difference between the two frequent lifting levels (twenty-five pounds versus ten pounds). The court finds these differences material to the issues raised here.

The court is constrained to agree that remand is required for the ALJ to explain how he concluded based on the evidence in the record that Plaintiff could perform medium work and could return to her past relevant work as a home health aide as it is generally performed. The only medical opinion evidence in the record limited the Plaintiff to light work. In discounting this opinion evidence, the ALJ simply stated:

> Although these physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, these opinions do deserve some weight as they are supported by the objective medical evidence of record. The opinions of the state agency medical consultants are given significant weight, as they are consistent with the treatment notes showing some complaints of leg pain and history of CABG. The opinions are also well explained and from acceptable medical sources. However, the medical evidence of record received post-hearing reflects the claimant is doing quite well and continues to be stable and asymptomatic. The most recent treatment notes do not contain continued complaints of leg pain. (Exhibit 11F) Further, the claimant reported to her treating physician that she cannot return to her past work due to memory problems, not physical or cardiovascular problems. However, there are no findings of memory limitations or assessments of an impairment related to memory problems. As such, I find the record does not fully support the limitations found by the state agency medical consultants and they are not fully adopted herein.

(Tr. 20-21.) It is unclear how the newly received records contained in Exhibit 11F (Tr. 476-509) are inconsistent with the consultants' opinions that Plaintiff could perform light work, which requires lifting no more than twenty pounds at a time and frequently lifting or carrying up to ten pounds, and instead supported finding that Plaintiff could lift up to fifty pounds at a time and frequently lifting or carrying up to twenty-five pounds. During oral argument, defense counsel directed the court to records indicating that Plaintiff was asymptomatic with regard to her coronary artery disease, as well as records from November 2016 indicating that post-surgery Plaintiff was tired but getting stronger and denied shortness of breath and claudication (Tr. 412-13) and from December 2016 indicating that Plaintiff had been doing well; denied any significant chest pain, palpitations, shortness of breath, dyspnea on exertion, or constitutional symptoms; and had

increased her activity level (Tr. 401). However, the state agency medical consultants had these same medical records when they opined that Plaintiff was limited to a reduced range of light work. Moreover, the results of the recent exercise stress test appear to support the consultants' opinions as well as Plaintiffs' subjective complaints. Thus, without further explanation from the ALJ, it is unclear how the records support a determination that Plaintiff could perform medium work. See Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (stating that "ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions") (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)). Without further explanation from the ALJ, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that Woods could perform 'medium work' and summarized evidence that he found credible, useful, and consistent. But the ALJ never explained how he concluded—based on this evidence—that Woods could actually perform the tasks required by 'medium work,' such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours.").

In light of the court's decision to remand for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present her remaining arguments concerning the ALJ's alleged errors on remand.

## ORDER

☐  **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒  **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐  **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

*[signature: Paige J. Gossett]*

April 20, 2021                                          Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE